IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-01596-MSK-PAC

BREAKTHROUGH MANAGEMENT GROUP, INC., a Colorado corporation,

     Plaintiff,

v.

CHUKCHANSI GOLD CASINO AND RESORT, an entity organized under the laws of the
Picayune Rancheria of the Chukchansi Indians,
JEFF LIVINGSTON, an adult individual,
PICAYUNE RANCHERIA OF THE CHUKCHANSI INDIANS, a federally recognized Indian
tribe,
THE CHUKCHANSI ECONOMIC DEVELOPMENT AUTHORITY, an entity organized under
the laws of the Picayune Rancheria of the Chukchansi Indians,
RYAN STANLEY, an adult individual,
VERNON D'MELLO, an adult individual,

     Defendants.

---

ORDER

---

Patricia A. Coan, United States Magistrate Judge

Plaintiff Breakthrough Management Group, Inc. ("BMG") sues defendants for
violations of the Copyright Act of 1976, 17 U.S.C. §501, Section 43(a) of the Lanham
Trade-Mark Act, 15 U.S.C. §1125(a), the Racketeer Influenced and Corrupt Organizations
Act ("RICO"), 18 U.S.C. §1961, *et seq.*,  and asserts nine state law claims arising out of
the defendants' alleged improper use of plaintiff's copyrighted materials.  *See* Amended
Complaint, filed August 17, 2006.  This case has been referred to the undersigned for
pretrial management.  *See* September 21, 2006 Order of Reference.

The matter before the court at this time is plaintiff's Verified Motion for Alternative
Service and to Continue Deadline to Effectuate Service, filed October 16, 2006.

I.      Factual Background

BMG represents that it has made numerous unsuccessful attempts to personally serve defendant Vernon D'Mello.  To plaintiff's knowledge, defendant D'Mello's last known address was 7090 N. Fruit Ave., Apt. #143, in Fresno, California.  Plaintiff's process server avers that she attempted to serve D'Mello at that address eleven times between August 26, 2006 and September 14, 2006, but D'Mello never answered the door.  *See* Declaration of Michelle Herrera, attached as Ex. A to Motion for Alternative Service.  On September 14, 2006, the process server learned from a female resident in Mr. D' Mello's apartment building that D'Mello had moved.  *Id.*  The process server was not able to find a new address for D'Mello through the local telephone information services.  *Id.*

BMG represents that Mr. D'Mello is employed by defendant Chukchansi Gold Casino and believes that D'Mello resides and works in Fresno, California.  *See* Motion for Alternative Service, at 3-4.

Plaintiff argues that defendant D'Mello is intentionally evading service of process and asks the court for an order authorizing it to serve D'Mello by publication and mail pursuant to Fed.R.Civ.P. 4(e) and Colorado Rule of Civil Procedure ("C.R.C.P.") 4(g).  Plaintiff also seeks an additional sixty days to effect service of process.

II.     Legal Analysis

Fed.R.Civ.P. 4(e)(1) provides that service upon an individual may be effected pursuant to the law of the state in which the federal district court in which the case is pending is located.  Colorado law permits service by mail or publication under the following circumstances, as set forth in C.R.C.P. 4(g):

**Other Service**. Except as otherwise provided by law, service by mail or publication shall be allowed only in actions affecting specific property or status or other proceedings in rem. When service is by publication, the complaint need not be published with the summons. The party desiring service of process by mail or publication under this section (g) shall file a motion verified by the oath of such party or of someone in the party's behalf for an order of service by mail or publication. It shall state the facts authorizing such service, and shall show the efforts, if any, that have been made to obtain personal service and shall give the address, or last known address, of each person to be served or shall state that the address and last known address are unknown. The court, if satisfied that due diligence has been used to obtain personal service or that efforts to obtain the same would have been to no avail, shall:

(1) Order the party to send by registered or certified mail a copy of the process addressed to such person at such address, requesting a return receipt signed by the addressee only. Such service shall be complete on the date of the filing of proof thereof, together with such return receipt attached thereto signed by such addressee, or

(2) Order publication of the process in a newspaper published in the county in which the action is pending. Such publication shall be made once each week for five successive weeks. Within fifteen days after the order the party shall mail a copy of the process to each person whose address or last known address has been stated in the motion and file proof thereof. Service shall be complete on the day of the last publication. If no newspaper is published in the county, the court shall designate one in some adjoining county.

"Statutes or rules providing for substituted service are in derogation of common law and must be strictly construed and followed." *ReMine ex rel. Liley v. District Court*, 709 P.2d 1379, 1382 (Colo. 1985)(citing *Carlson v. District Court*, 180 P.2d 525, 531 (1947)).

In *Liley*, the Colorado Supreme Court interpreted the terms "[cases] affecting specific property" and "other proceedings in rem." 709 P.2d at 1382. Without going into great detail, what distinguishes an *in rem* or *quasi in rem* proceeding from an *in personam* action is that the effect of a judgment in the former is limited to the property that supports jurisdiction – there is no imposition of personal liability on the defendant. *Id.*; *see also,*

3

*Shaffer v. Heitner*, 433 U.S. 186, 199 and n.17 (1977).

Civil suits under the Copyright Act and the Lanham-Trade-Mark Act are *in personam* proceedings by copyright owners and trademark holders for injunctive and monetary relief against alleged infringers. *See* 17 U.S.C. §501(a); §502, §504; 15 U.S.C. §1125(a); 15 U.S.C. §1116, §1117. Although some of plaintiff's claims implicate its intellectual property rights, and one of plaintiff's remedies under the Copyright Act is the impoundment and destruction of infringing materials, *see* 17 U.S.C. §503, that is not enough to transform this case into an *in rem* or *quasi in rem* action. *See Liley*, 709 P.2d at 1383 (holding that insurance company's obligation to defend and indemnify plaintiff did not convert *in personam* action into *in rem* or *quasi in rem* proceeding).

Moreover, substituted service under C.R.C.P. 4(g) is not appropriate merely because defendant D'Mello may be actively attempting to evade service of process. *Liley*, 709 P.2d at 1383.

Plaintiff has not met the requirement for service by mail or publication under C.R.C.P. 4(g). Accordingly, plaintiff must personally serve defendant D'Mello under Fed.R.Civ.P. 4(e). Although plaintiff does not know D'Mello's current home address, plaintiff believes that D'Mello works and resides in Fresno, California. The court will allow plaintiff additional time to locate and effect personal service on defendant D'Mello.

Accordingly, for the reasons set forth above, it is

HEREBY **ORDERED** that plaintiff's Verified Motion for Alternative Service and to Continue Deadline to Effectuate Service, filed October 16, 2006 is **DENIED IN PART AND GRANTED IN PART** as follows:

The Verified Motion for Alternative Service is **DENIED**.

Plaintiff shall have until **January 11, 2007** to personally serve defendant Vernon

D'Mello with a summons and copy of the Amended Complaint and file proof of service with

the court or show cause why this case should not be dismissed against defendant Vernon

D'Mello.


Dated November 2, 2006.

BY THE COURT:

s/ Michael J. Watanabe *for*
PATRICIA A. COAN
United States Magistrate Judge